F. E. GRACE

VS

**8919**

J. A. PETTY

NO. 8919

COURT OF APPEAL

PARISH OF ORLEANS

: : : · ·

- - -

WILLIAM A. BELL, JUDGE.

- - -

 MAY 14, 1923.

343

By WILLIAM A. BELL. Judge

In this suit, which is for damages ex delicto, plaintiff seeks recovery in the sum of $10,000.00 for injuries alleged to have been sustained by him because of negligent acts of the defendant's workmen while they were constructing a certain roof over the wharf belonging to the Dock Board on the levee near Fourth Street, in this city. The defendant was a contractor engaged in roofing and painting a shed for the Dock Board, and plaintiff, who was employed by the Board to inspect the painting which was being done by this contractor, claims that on October 26, 1921, while he was performing his duties as inspector, he was struck on the head and shoulders by a plank which fell upon him from the purlins of the roof, knocking him unconscious, causing concussion of the brain, brush burns and bruises on the forehead and other bodily injuries. The petition further sets forth that one of the carpenter's helpers, an employee of the defendant, carelessly and negligently threw down or let fall from the rafters of the roof or shed, the lumber which struck plaintiff; that he was taken to the hospital, where he remained for four days, and was confined to his bed at home for a week longer, and unable to return to his work until November 8th, some thirteen days after the accident. The defendant answers by acknowledging the fact of the accident, but denies the injury claimed to have been sustained and also denies that he or his employee was in any manner negligent or responsible for the accident, and finally charges that plaintiff was guilty of gross contributory negligence in placing himself in a position of danger, which was open and apparent. From a judgment for defendant, plaintiff has appealed.

The surrounding circumstances from which the accident occurred and the nature of the work under construction is made very clear by plaintiff's own witnesses. We find from their tes-

timony that carpenters in defendant's employ were laying and nailing sheathing on the purlins of the roof; that upon completion of one section, averaging about twenty feet, they would advance for similar work, the painters immediately following them to paint the exposed sheathing just laid. Plaintiff's duty was to inspect the painting (not the carpenters' work) as it progressed, a fact which did not require him at any time to place himself beneath the open and uncovered purlins, where more or less dangerous work of the carpenters was being done, some fifteen or twenty feet away from the painting work. The plaintiff's own testimony on cross-examination clearly defeats his right of recovery for the reason that he admits having had full knowledge of the nature of the work that was being done by the carpenters, and that he knew of other lumber having fallen on previous occasions, and that he must have been, at the moment of the accident, standing immediately under the place where sheathing was being done. We quote from plaintiff's testimony, in part, as follows:

"Q.-How long had you been inspecting this shed,
"A.-This Fourth Street shed?
"Q.-Yes, sir,
"A.-I have not the exact dates.
"Q.-I just want to get an idea. Was it a week, 10 days or two or three weeks,
"A.-I guess three or four weeks.
"Q.-You had been there every day,
"A.-Yes, sir.
"You had been there from the time the job had begun, the sheathing in the shed and laying the roof,
"A.-Yes, sir.

\* \* \* \*

"Q.-You were standing right under the place where the men were sheathing, were you not,
"A.-They would lay the deck so the carpenters could pull it in place and nail it.
"Q.-You were standing immediately under that,
"A.-Yes, sir, I must have been.
"Q.-The boy was carrying lumber right over your head,
"A.-I didn't see him; he must have been.
"Q.-There was nothing to keep you from seeing it,
"A.-I had no business to look up.
"Q.-Did you look up,
"A.-No, sir.
"You paid no attention to the men who were laying and carrying the lumber right over your head,
"A.-No, sir.
"Q.-In your previous experience for three weeks in that work on that wharf had any piece of lumber fallen

around you,
"A.-It fell in the road there where the trucks were
passing. Lots of it were falling around, yes."

Another one of the plaintiff's witnesses testifies that
the carpenters were about twenty-two feet above and that he,
plaintiff, was directly underneath them when he got hurt. We do
not find, nor did the judge *a quo*, that defendant was guilty of
any negligence. The court's written reasons for judgment are in
accord with our views, both as to the facts and the law of this
case.

IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED that
the judgment herein appealed from be and the same hereby is af-
firmed, at plaintiff's costs in both courts.

JUDGMENT AFFIRMED. MAY 14, 1923.